UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

BENJAMIN WATERS,

                        **Plaintiff,**           11 Civ. 3263 (JGK)

           - against -            MEMORANDUM OPINION AND
                                              ORDER
CAPTAIN CAMACHO, #1242,
OFFICER SLACK, #18949,

                        **Defendants.**
————————————————————————————

JOHN G. KOELTL, District Judge:

    The plaintiff, Benjamin Waters, brought this action, pro se, against Captain Camacho and Officer Slack of the New York City Department of Corrections alleging incidents of sexual assault.  The defendants have moved to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) on the ground that the plaintiff made false statements in his May 4, 2011 application to proceed in this case in forma pauperis ("IFP").  Alternatively, the defendants request that plaintiff's IFP status be revoked.

    The defendants ask that the plaintiff's case be dismissed with prejudice because in filing his IFP application, he failed to disclose that he had recently received $600 in the settlement of another case.  Under 28 U.S.C. § 1915(e)(2)(a), "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."  However, dismissal

is a "harsh remedy to be saved for the most extreme cases of
misrepresentation." Christensen v. Bristol-Myers Co., No. 86
Civ. 0183, 1990 WL 6554, at *2 (S.D.N.Y. Jan. 22, 1990). In
deciding whether dismissal is required, "the question before the
Court is not the accuracy of every specific representation made
by Plaintiff in support of his application to proceed in forma
pauperis, but whether Plaintiff's 'allegation of poverty is
untrue.'" Hobbs v. Cnty. of Westchester, No. 00 Civ. 8170, 2002
WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Adkins v. E.I.
DuPont de Nemours & Co., 335 U.S. 331, 338 (1948)). Dismissal
is required if the Court finds that the plaintiff "is not
sufficiently poor to qualify for in forma pauperis status given
the facts that are true." Id. (quoting Lee v. McDonald's Corp.,
231 F.3d 456, 459 (8th Cir. 2000). Moreover, dismissal with
prejudice generally requires a showing that "an applicant
misrepresent[ed] [his or] her financial arrangements in bad
faith to obtain IFP status." Cuoco v. Bureau of Prisons, 328 F.
Supp. 2d 463, 468 (S.D.N.Y. 2004) (emphasis added).

In this case, the plaintiff admits that he received $600 in
another case and did not disclose that information in his May 4,
2011 IFP application. However, he denies that the omission was
intentional and says that he is prepared to pay the filing fee.
There is no clear showing that the plaintiff misstated his
income in bad faith in order to obtain IFP status. Even with

the $600 of undisclosed income, it is not clear that that the plaintiff's "allegation of poverty is untrue".  28 U.S.C. § 1915(e)(2)(a).

Given the small amount of money at issue and the plaintiff's representation that he is prepared to pay the filing fee, it is sufficient that the plaintiff's IFP status be **revoked**.  Dismissal at this time is neither required nor appropriate, and the defendants' motion to dismiss is **denied**.

### CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the defendants' motion to dismiss is **denied**. The plaintiff's IFP status is revoked and the plaintiff is directed to pay the $350 filing fee within thirty (30) days of this Order.  If the plaintiff fails to pay the filing fee, the defendant may move to dismiss this action for failure to prosecute.

**The Clerk is directed to close Docket No. 17.**

SO ORDERED.

Dated:    New York, New York
          April 2, 2012

_____
John G. Koeltl
United States District Judge

3