**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**BENJAMIN WATERS,**

              **Plaintiff,**　　　　　11 Civ. 3263 (JGK)

     - against -　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　AND ORDER
**CAPTAIN CAMACHO #1242, ET AL.,**

             **Defendants.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The defendants have made an application to the Court to dismiss the plaintiff's case with prejudice for failure to comply with this Court's Order to pay the filing fee for the case.  The plaintiff argues that he has already paid the fee.  The defendants' application is granted in part.

    The plaintiff pro se filed the Complaint and Request to Proceed in forma pauperis ("IFP") on April 4, 2011.  (See Compl.; Decl. Supp. Request to Proceed IFP, Apr. 4, 2011, ECF No. 1.)  On April 24, 2011, the plaintiff's request to proceed IFP was granted.  (See Order Granting IFP Application, Apr. 24, 2011, ECF No. 4.)

    On April 2, 2012, the Court issued an Order revoking the plaintiff's IFP status and directing the plaintiff to pay the $350 filing fee within 30 days.  (See Mem. Op. & Order at 3, Apr. 2, 2012, ECF No. 23.)  The Order provided that if the

plaintiff failed to pay the filing fee, the defendants could move to dismiss the action for failure to prosecute. (<u>See</u> Mem. Op. & Order at 3.)  The Court has extended the plaintiff's time to pay the filing fee several times.  Most recently, the Court extended the plaintiff's time to pay the filing fee until September 28, 2012.  (Order, Aug. 23, 2012, ECF No. 32.)  The filing fee has not been paid.

On December 12, 2012, the defendants made an application to the Court to dismiss this case for failure to prosecute because the plaintiff failed the pay the filing fee.  (<u>See</u> Owen Letter, Dec. 12, 2012, ECF No. 35.)  On December 17, 2012, the plaintiff responded to the defendants' application.  The plaintiff's response is attached.  In his response, the plaintiff claims that he paid the filing fee in this case on September 21, 2012.  However, the plaintiff's receipt indicates that on September 21, 2012, the plaintiff paid the filing fee in a different case, <u>Waters v. Captain #375</u>, 12 Civ. 6709, and not this case.  The docket sheet and the Pro Se Office confirm that although the plaintiff has paid the filing fee in <u>Waters v. Captain #375</u>, 12 Civ. 6709, the plaintiff has still not paid the filing fee in this case.

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."

2

Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citations omitted).  A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or non-compliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted).  "No one factor is dispositive" in determining the proper outcome and a court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b).  United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).

The case shall be dismissed for failure to prosecute.  Three months have elapsed since the expiration of the plaintiff's final extension of time to pay the filing fee.  See, e.g., Varney v. Batman, No. 08 Civ. 9702, 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012) (holding a pro se plaintiff's failure to respond to order to show cause for three months warranted dismissal without prejudice).  Furthermore, the plaintiff had notice that the failure to pay the filing fee could result in dismissal for failure to prosecute.  In this Court's Order of

April 2, 2012, the Court informed the plaintiff that failure to pay the filing fee could result in dismissal for failure to prosecute.

However, the factors counsel against dismissing the plaintiff's suit <u>with</u> prejudice and instead in favor of dismissing the suit <u>without</u> prejudice.  First, any prejudice to the defendants from awaiting the plaintiff's payment of the filing fee has been minimal.  See <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself.").  Second, balancing the plaintiff's due process rights against the Court's need for efficiency, the prejudice to the Court has been minimal.  See <u>LeSane</u>, 239 F.3d at 210 (holding that the fourth factor cuts against dismissal when the "plaintiff's failure to prosecute . . . was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court . . . .").

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants by retaining open lawsuits with no activity."  <u>Amoroso v. County of Suffolk</u>, No.

4

08 Civ. 826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). The sanction of dismissal without prejudice also complies with the fifth factor, considering the efficacy of lesser sanctions. While the defendants have argued that a dismissal with prejudice is necessary, in light of the minimal prejudice to the defendants and to the Court, and because of the plaintiff's pro se status, a dismissal without prejudice is warranted.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the application to dismiss the case for failure to prosecute is **granted in part**. The Court dismisses the case **without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Court is providing a copy of the unpublished opinions cited herein to the plaintiff. **The Clerk of the Court is directed to close this case.**

SO ORDERED.

Dated:   New York, New York
         January 4, 2013

_____
John G. Koeltl
United States District Judge

5

This is the second notice that I recieved about the filing fee that was paid 9/21/2012. Today is December 17, 2012. I just recieved this notice. Although this plaintiff paid this filing fee, Mr. Andrew G. Owen has wrote in this motion very harsh ~~dists~~ discription on this plaintiff's person. Why is he so emotional. I reported the corrupt officers. Judge if you read this motion you'll see how the plaintiff is attacked by words of Ms. Owen. I am sending a copy of the recipt from the Pro Se Office.

Benjamin Walker III

December 17, 2012

```
Court Name: District Court
Division: 1
Receipt Number: 465401045254
Cashier ID: Meantiac
Transaction Date: 01/21/2012
Payer Name: BENJAMIN HENRY WATERS III
------------------------------
CIVIL FILING FEE
 For: BENJAMIN HENRY WATERS III
 Amount:       $350.00
------------------------------
CHECK
 Check/Money Order Num: 8783
 Amt Tendered: $350.00
------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

12CV6789
```